UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA acting through
FARMERS HOME ADMINISTRATION, U.S.
DEPARTMENT OF AGRICULTURE,

         Plaintiff,

v.                   3:18-CV-1230
                        (GTS/TWD)

OPPORTUNITIES FOR CHENANGO, INC.; NEW
YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; JOHN DOE #1-5 AND JANE DOE
#1-5; THE ESTATE OF DAVID F. SHATTUCK; AND
UNKNOWN HEIRS OF THE ESTATE OF DONALD
F. SHATTUCK,

         Defendants.
_____

APPEARANCES:             OF COUNSEL:

MANFREDI LAW GROUP, PLLC      JOHN MANFREDI, ESQ.
 Counsel for Plaintiff
302 East 19th Street, Suite 2A
New York, NY 10003

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

    Currently before the Court, in this real property foreclosure action filed by the United States of America, acting through the Farmers Home Administration of the United States Department of Agriculture ("Plaintiff") against Opportunities for Chenango, Inc., New York State Department of Taxation and Finance, John Does #1-5, Jane Does #1-5, the estate of David F. Shattuck, and the unknown heirs of the estate of Donald F. Shattuck ("Defendants"), is Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), for judgment of

foreclosure and sale, for appointment of a referee, and for dismissal of Plaintiff's claims against the John and Jane Doe Defendants and the unknown heirs of the estate of Donald F. Shattuck. (Dkt. No. 42.) For the reasons stated below, the Court denies Plaintiff's motion without prejudice.

I.   RELEVANT BACKGROUND

A.   Plaintiff's Amended Complaint

Liberally construed, Plaintiff's Amended Complaint alleges the following: (1) on or about December 6, 1989, David F. Shattuck executed a promissory note and mortgage on the relevant property in the amount of $41,800.00 with an annual interest rate of 8.750% that he agreed to repay in 396 monthly installments beginning January 6, 1990; (2) Plaintiff is the current holder of that mortgage and note; (3) David F. Shattuck died on August 5, 2015; (4) Donald F. Shattuck (the brother of David F. Shattuck) became the executor of the estate of David F. Shattuck, but also subsequently died on January 12, 2018; (5) David F. Shattuck failed to comply with the conditions of the promissory note by failing to make payments as scheduled since May 2016; (6) on August 11, 2016, Plaintiff accelerated the mortgage as a result of the failure to pay and provided necessary notices about the ability to cure the default that also indicated that failure to timely cure the default would result in the commencement of a foreclosure action; and (7) the total amount due on the note through February 6, 2019, was $22,374.18, which included (a) a principal amount of $10, 497.84, (b) interest between April 8, 2016, and February 6, 2019, of $2,602.17, (c) advances on principal for taxes, insurance and maintenance of $5,236.48, (d) advances on interest for taxes, insurance and maintenance of $576.87, (e) escrow and impound advances of $1,831.24, and (f) interest credit for the subsidy granted to David F. Shattuck in the

amount of $1,629.58. (Dkt. No. 19 [Pl.'s Am. Compl.].)

### B. Plaintiff's Service of the Complaint and Defendants' Failure to Answer

On March 5, 2019, Plaintiff served the Amended Complaint on the New York State Department of Taxation and Finance by leaving it with a person duly authorized to accept service of process on its behalf. (Dkt. No. 42, Attach. 3, at 5.) On March 6, 2019, Plaintiff served the Amended Complaint on Opportunities for Chenango, Inc., by leaving it with a person authorized by the New York Secretary of State to accept service of process. (Dkt. No. 42, Attach. 3, at 6.) On March 15, 2019, Plaintiff served the Amended Complaint on the unknown heirs of Donald F. Shattuck through service on David C. Shattuck (who stated he was the son of Donald F. Shattuck). (Dkt. No. 42, Attach. 3, at 3.) On March 20, 2019, Plaintiff served the Amended Complaint on the estate of David F. Shattuck, care of Leonard Smith, Esq. (Dkt. No. 42, Attach. 3, at 1.) As of the date of this Decision and Order, Defendants have not filed an Answer to that Amended Complaint. (*See generally* Docket Sheet.)

### C. Clerk's Office's Entry of Default and Defendants' Non-Appearance

On April 18, 2019, Plaintiff filed a request for entry of default against the estate of David F. Shattuck, Opportunities for Chenango, Inc., and the New York State Department of Taxation and Finance. (Dkt. Nos. 32-34.) On April 19, 2019, the Clerk of the Court entered default against these three Defendants. (Dkt. Nos. 35-37.) As of the date of this Decision and Order, none of these Defendants have appeared or attempted to cure the entry of default. (*See generally* Docket Sheet.)

### D. Plaintiff's Motion for Default Judgment and Defendants' Non-Response

On May 10, 2019, Plaintiff filed a motion for default judgment against Defendants,

pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. No. 42.) As of the date of this Decision and Order, Defendants have filed no response to that motion. (*See generally* Docket Sheet.)

Generally, in its motion for default judgment, Plaintiff argues that it is entitled to default judgment and an order of foreclosure and sale of the mortgaged property. (Dkt. No. 42, Attach. 2, at 3-6 [Pl.'s Mem. of Law].) More specifically, Plaintiff argues that it has met all the requirements for showing entitlement to such relief and that the mortgage allows for a judgment of foreclosure and sale under the circumstances. (*Id.* at 3-5.) Plaintiff also argues that its claims against the unidentifiable heirs of Donald F. Shattuck and the John Doe and Jane Doe Defendants should be dismissed because no such heirs or unnamed Defendants have been identified. (*Id.* at 5-6.)

## II. RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

4

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a). The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is sought is

5

not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. *Id.*

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a). N.D.N.Y. L.R. 55.2(b).

## III. ANALYSIS

After carefully considering whether Plaintiff is entitled to default judgment, the Court answers that question in the negative for the following reasons.

An entry of default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). However, "[a] court's decision to enter a default against defendants does not by definition entitle plaintiffs to an entry of a default judgment. Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).

As an initial matter, the Court finds that Plaintiff's submissions meet the procedural

requirements of Local Rule 55.2(b).  (Dkt. No. 42, Attach. 1, at ¶ 25 [Jackson Aff.]; Dkt. No. 42, Attach. 2 [Mem. of Law].)  The Court therefore must assess whether Plaintiff has sufficiently alleged all the substantive requirements related to its specific claim.

Pursuant to New York common law, in a mortgage foreclosure action, "a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt." *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012); *accord, Ditech Fin. LLC v. Sterly*, 15-CV-1455, 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) (D'Agostino, J.). Additionally, the New York Real Property Actions and Proceedings Law sets forth procedural requirements including (a) the service of statutory notice to the mortgagor with the summons and complaint, (b) the giving of notice to the mortgagor before the commencement of a legal action, (c) the filing by the lender of certain information with the superintendent of the New York State Department of Financial Services, and (d) the filing of a notice of pendency. *Ditech Fin. LLC*, 2016 WL 7429439, at *4 (citing N.Y. Real Prop. Acts. L. §§ 1303, 1304, 1306, 1320, and 1321); *accord, Nationstar Mortgage LLC v. Atanas*, 285 F. Supp. 3d 618, 621-22 (W.D.N.Y. 2018).

The evidence submitted by Plaintiff along with its motion sufficiently shows that it has met the three common-law elements of a foreclosure action, as well as the requirement to serve the required notices on the mortgagor[1] and to file a notice of pendency.  (Dkt. No. 42, Attach. 3,

---

[1] Plaintiff argues generally that it is "exempt from complying with the 90 day notice provisions of RPAPL §§ 1304 and 1306" because it does not meet the definition of a "home loan" based on the fact that David F. Shattuck is deceased and the property is therefore not his principal residence.  (Dkt. No. 19 at ¶¶ 21-22 [Am. Compl.].)  However, to the contrary, multiple New York courts have found that whether a loan is classified as a "home loan" is determined by the facts at the time the loan is entered into, not the facts at the time of foreclosure. *See Accredited Home Lenders, Inc. v. Hughes*, 866 N.Y.S. 2d 860, 863 (N.Y. Supr. Ct. 2008) (finding that whether a loan is classified as a "home loan" under N.Y. Real Prop. Acts. L. § 1304 is based on facts at the time the loan was entered into); *accord, One West Bank, FSB v. Greenhut*,

7

at 1-2; Dkt. No. 42, Attach. 7; Dkt. No. 42, Attach. 8; Dkt. No. 42, Attach. 11; Dkt. No. 42, Attach. 12; Dkt. No. 42, Attach. 14.) Granted, Plaintiff has not shown that it has filed any information with the superintendent of the New York State Department of Financial Services. However, because the Court has already found that N.Y. Real Props. Acts. L. § 1304 does not apply to a deceased borrower, and because the notice to the New York State Department of Financial Services is explicitly tied to the notice provided to the borrower under N.Y. Real Props. Acts. L. § 1304, the Court finds that Plaintiff was not required to comply with N.Y. Real Props. Acts. L. § 1306 in this case. *See* N.Y. Real Props. Acts. L. § 1306 (indicating that the information must be filed with the superintendent of financial services "within three business days of the mailing of the notice required by [N.Y. Real Props. Acts. L. § 1304 ]").

However, Plaintiff has not shown that, as to the notice of pendency, it filed the Complaint either along with the notice of pendency or at another time previously in the county. *See* N.Y. C.P.L.R. § 6511(a) ("Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency."). Of note, courts have indicated that the failure to file a complaint

---

2012 WL 2478213, at *3 (N.Y. Supr. Ct., June 29, 2012). Because there is no evidence to suggest that David F. Shattuck's loan did not meet the requirements of a home loan at the time he entered into the loan, the Court finds that the mortgage was still a "home loan" even at the relevant time. However, courts have determined that the notice provision of N.Y. Real Props. Acts. L. § 1304 does not apply to a deceased borrower because N.Y. Real Prop. Acts. L. § 1304 in particular requires the notice to be sent "to the borrower." *See U.S. Bank, N.A. v. Levine*, 36 N.Y.S. 3d 786, 788-89 (N.Y. Supr. Ct. 2016) (collecting cases). Notwithstanding this fact, Plaintiff has provided a copy of a letter that was sent to Donald F. Shattuck (the administrator for the estate of David F. Shattuck) on March 13, 2017, which provided the requisite notice. (Dkt. No. 19, at 46-49.) The Complaint in this case was not filed until October 16, 2018. (Dkt. No. 1.) Thus, the evidence substantiates that Plaintiff has complied with the 90-day notice provision (at least as to providing notice to the estate), even though such compliance was not required because David F. Shattuck was deceased.

8

with the notice of pendency renders the notice defective and void. *Ditech Fin. LLC*, 2016 WL 7429439, at *4-5; *Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D. 3d 492, 493 (N.Y. App. Div. 2d Dep't 2005). The notice of pendency states that it is related to "an action [that] was commenced upon the Complaint of the above plaintiff . . . [that] was filed and is now pending in the United States District Court for the Northern District of New York, for the foreclosure of a Mortgage executed by Donald F. Shattuck to UNITED STATES OF AMERICA to secure the sum of $41,800.00 which was recorded in the Chenango County Clerk's Office on December 6th, 1989," as well as that a description of the mortgaged property was "attached hereto or made a part hereof." (Dkt. No. 42, Attach. 14, at 3-6.) However, there is no clear indication that Plaintiff actually filed the Complaint along with this notice of pendency; the filing receipt for the notice of pendency indicates that a "miscellaneous" instrument was filed in the same transaction as the filing of the notice of pendency, but there is nothing to show that this miscellaneous instrument was the Complaint. As a result, the Court cannot find that Plaintiff has met all the requirements to show liability for the purposes of its motion for default judgment. *See Ditech Fin. LLC*, 2016 WL 7429439, at *4-5 (denying motion for default judgment without prejudice where the plaintiff provided a notice of pendency with an attached legal description of the property, but provided no proof that the complaint was filed with that notice of pendency).

The Court therefore denies Plaintiff's motion without prejudice. Plaintiff may refile its motion either (a) with proof that it filed its Complaint along with the existing notice of pendency, or (b) after filing a new notice of pendency with a copy of the Amended Complaint in the Chenengo County Clerk's Office. *See Slutsky v. Blooming Grove Inn, Inc.*, 147 A.D. 2d 208, 213 (N.Y. App. Div. 2d Dep't 1989) (noting that successive notices can be filed for the purposes

of prosecuting to final judgment on a foreclosure action).

      **ACCORDINGLY**, it is

      **ORDERED** that Plaintiff's motion is **<u>DENIED</u>** without prejudice.

Date:   March 3, 2020
         Syracuse, New York

                                              Hon. Glenn T. Suddaby
                                              Chief U.S. District Judge