UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA acting through
FARMERS HOME ADMINISTRATION, U.S.
DEPARTMENT OF AGRICULTURE,

                    Plaintiff,

                                                        3:18-CV-1230
v.                                                      (GTS/TWD)

OPPORTUNITIES FOR CHENANGO, INC.; NEW
YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; JOHN DOE #1-5 AND JANE DOE
#1-5; THE ESTATE OF DAVID F. SHATTUCK;
and UNKNOWN HEIRS OF THE ESTATE OF DONALD
F. SHATTUCK,

                    Defendants.
_____

APPEARANCES:                                OF COUNSEL:

MANFREDI LAW GROUP, PLLC                     JOHN MANFREDI, ESQ.
  Counsel for Plaintiff
302 East 19th Street, Suite 2A
New York, NY 10003

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

    Currently before the Court, in this real property foreclosure action filed by the United

States of America, acting through the Farmers Home Administration of the United States

Department of Agriculture ("Plaintiff") against Opportunities for Chenango, Inc., New York

State Department of Taxation and Finance, John Does #1-5, Jane Does #1-5, the estate of David

F. Shattuck, and the unknown heirs of the estate of Donald F. Shattuck ("Defendants"), is

Plaintiff's second motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and for

dismissal of Plaintiff's claims against the John and Jane Doe Defendants and the unknown heirs

of the estate of Donald F. Shattuck.  (Dkt. No. 42.)  For the reasons stated below, the Court

grants Plaintiff's motion.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Amended Complaint

Liberally construed, Plaintiff's Amended Complaint alleges the following: (1) on or

about December 6, 1989, David F. Shattuck executed a promissory note and mortgage on the

relevant property in the amount of $41,800.00 with an annual interest rate of 8.75% that he

agreed to repay in 396 monthly installments beginning January 6, 1990; (2) Plaintiff is the

current holder of that mortgage and note; (3) David F. Shattuck died on August 5, 2015; (4)

Donald F. Shattuck (the brother of David F. Shattuck) became the executor of the estate of David

F. Shattuck, but also subsequently died on January 12, 2018; (5) David F. Shattuck failed to

comply with the conditions of the promissory note by failing to make payments as scheduled

since May 2016; (6) on August 11, 2016, Plaintiff accelerated the mortgage as a result of the

failure to pay and provided necessary notices about the ability to cure the default that also

indicated that failure to timely cure the default would result in the commencement of a

foreclosure action; and (7) the total amount due on the note through February 6, 2019, was

$22,374.18, which included (a) a principal amount of $10,497.84, (b) interest between April 8,

2016, and February 6, 2019, of $2,602.17, (c) advances on principal for taxes, insurance and

maintenance of $5,236.48, (d) advances on interest for taxes, insurance and maintenance of

$576.87, (e) escrow and impound advances of $1,831.24, and (f) interest credit for the subsidy

granted to David F. Shattuck in the amount of $1,629.58.  (Dkt. No. 19 [Pl.'s Am. Compl.].)

### B.      Plaintiff's Service of the Amended Complaint and Defendants' Failure to Answer

On March 5, 2019, Plaintiff served the Amended Complaint on the New York State Department of Taxation and Finance by leaving it with a person duly authorized to accept service of process on its behalf.  (Dkt. No. 42, Attach. 3, at 5.)  On March 6, 2019, Plaintiff served the Amended Complaint on Opportunities for Chenango, Inc., by leaving it with a person authorized by the New York Secretary of State to accept service of process.  (Dkt. No. 42, Attach. 3, at 6.)  On March 15, 2019, Plaintiff served the Amended Complaint on the unknown heirs of Donald F. Shattuck through service on David C. Shattuck (who stated he was the son of Donald F. Shattuck).  (Dkt. No. 42, Attach. 3, at 3.)  On March 20, 2019, Plaintiff served the Amended Complaint on the estate of David F. Shattuck, care of Leonard Smith, Esq.  (Dkt. No. 42, Attach. 3, at 1.)  As of the date of this Decision and Order, Defendants have not filed an Answer to that Amended Complaint.  (*See generally* Docket Sheet.)

### C.   Clerk's Office's Entry of Default and Defendants' Non-Appearance

On April 18, 2019, Plaintiff filed a request for entry of default against the estate of David F. Shattuck, Opportunities for Chenango, Inc., and the New York State Department of Taxation and Finance.  (Dkt. Nos. 32-34.)  On April 19, 2019, the Clerk of the Court entered default against these three Defendants.  (Dkt. Nos. 35-37.)  As of the date of this Decision and Order, none of these Defendants have appeared or attempted to cure the entry of default.  (*See generally* Docket Sheet.)

### D.   Plaintiff's First Motion for Default Judgment and Defendants' Non-Response

On May 10, 2019, Plaintiff filed a motion for default judgment against Defendants, pursuant to Fed. R. Civ. P. 55(b)(2).  (Dkt. No. 42.)  In that motion, Plaintiff argued that it is

3

entitled to default judgment and an order of foreclosure and sale of the mortgaged property.
(Dkt. No. 42, Attach. 2, at 3-6 [Pl.'s Mem. of Law].)

###### E.     The Court's Decision and Order of March 3, 2020

In its Decision and Order of March 3, 2020, the Court denied Plaintiff's motion for
default judgment without prejudice, finding that, although Plaintiff had sufficiently established
most of the requirements of liability, it had failed to provide sufficient proof that it had filed the
Complaint as part of its notice of pendency with the county clerk and thus the Court was unable
to determine if the notice of pendency was valid for the purposes of granting a default judgment.
(Dkt. No. 50 [Decision and Order filed Mar. 3, 2020].)  The Court granted Plaintiff leave to refile
its motion for default judgment either (a) with proof that it filed its Complaint along with the
existing notice of pendency, or (b) after filing a new notice of pendency with a copy of the
Amended Complaint with the Chenango County Clerk's Office.  (*Id.* at 9.)

###### F.     Plaintiff's Second Motion for Default Judgment and Defendant's Non-Response

Plaintiff subsequently filed a second motion for default judgment that seeks essentially
the same relief as previously requested.  (Dkt. No. 52.)  Along with this motion, Plaintiff has
attached copies of both the 2018 notice of pendency that includes the copy of the Complaint that
was filed with that notice, and a copy of a notice of pendency filed on March 26, 2020, that
includes the copy of the Amended Complaint that was filed with that notice.  (Dkt. No. 52,
Attachs. 19, 20.)  As of the date of this Decision and Order, Defendants have filed no response to
this motion.  (*See generally* Docket Sheet.)

## II.     RELEVANT LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*. "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's

evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under N.D.N.Y. L.R. 55.2(a), when requesting an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to exceed the amount demanded in the Complaint and giving credit for any payments with the dates of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party or the party's attorney. N.D.N.Y. L.R. 55.2(a). The appended affidavit must show that (a) the party against whom judgment is sought is not an infant or incompetent person, (b) the party against whom judgment is sought is not in military service, (c) the party against whom judgment is sought has defaulted in appearance in the action, (d) service was properly effected under Fed. R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. *Id.*

Under N.D.N.Y. L.R. 55.2(b), when moving for an entry of default judgment from the Court, the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an affidavit of the moving party or its attorney setting forth the facts required by N.D.N.Y. L.R. 55.2(a). N.D.N.Y. L.R. 55.2(b).

## III.   ANALYSIS

After carefully considering whether Plaintiff is entitled to default judgment, the Court answers that question in the affirmative for the following reasons.[1]

The Court finds that Plaintiff's renewed motion remedies the defect identified by the Court's previous Decision and Order.  Specifically, Plaintiff has provided proof that it both filed the Complaint along with the original notice of pendency in 2018 and has since filed a new notice of pendency that included the Amended Complaint.  (Dkt. No. 52, Attachs. 19, 20.)  Thus, with this new proof, the Court finds that Plaintiff has now sufficiently established Defendants' liability on the asserted claim for the purposes of default judgment for the reasons discussed in the previous Decision and Order.  (Dkt. No. 50 [Decision and Order filed Mar. 3, 2020].)

As to damages, the Court finds that Plaintiff has sufficiently shown entitlement to the amount requested.  Specifically, Plaintiff has provided an affidavit from Jennifer Jackson, who is currently the Single Family Housing Program Director with the United States Department of Agriculture's Rural Housing Service in Syracuse, who states that she is familiar with the facts and circumstances of the relevant mortgage based on her review and examination of records maintained by Plaintiff in the regular course of business.  (Dkt. No. 52, Attach. 1.)  In this affidavit, Ms. Jackson states that a total of $29,805.75 is currently due and owing ($10,497.84 in principal, $3,865.51 in interest from April 8, 2016, through June 23, 2020, at a rate of 8.75% per

---

[1]     The Court notes that, as part of its motion, Plaintiff seeks to dismiss the lawsuit against John and Jane Does and the unknown heirs of the estate of Donald F. Shattuck because, after investigation, Plaintiff is assured that no such persons exist.  (Dkt. No. 52, Attach. 1, at ¶¶ 32-33 [Jackson Aff.]; Dkt. No. 52, Attach. 2, at ¶¶ 47-50 [Manfredi Aff.].)  The Court grants this unopposed request for the reasons stated therein.

annum,[2] $12,670.95 in principal advances for taxes, insurance and maintenance, $1,738.50 in interest on those advances, and $1,032.95 related to the interest credit granted).  (*Id.* at 4.)  The Court finds that these amounts have been sufficiently established by the documents provided for the purposes of this motion.  (Dkt. No. 52, Attach. 1; Dkt. No. 52, Attach. 3.)

Plaintiff also requests the following three costs: (1) $70.00 for filing the two notices of pendency; (2) $462.72 for a title search; and (3) $1,170.00 in service of process fees for service of the Complaint and the Amended Complaint.  (Dkt. No. 52, Attach. 6; Dkt. No. 52, Attach. 14; Dkt. No. 52, Attach. 15; Dkt. No. 52, Attach. 16.)  The Court finds that these costs are both substantiated by the submitted evidence and reasonable.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for default judgment and partial dismissal (Dkt. No. 42) is **GRANTED**; and it is further

**ORDERED** that this action is **DISMISSED** against Defendants John Doe #1-5, Jane Doe #1-5, and Unknown Heirs of the Estate of Donald F. Shattuck; and it is further

**ORDERED** that Plaintiff is granted a judgment herein for the sum of **THIRTY-ONE THOUSAND FIVE HUNDRED AND EIGHT DOLLARS AND FORTY-SEVEN CENTS ($31,508.47)**,[3] plus additional interest accruing at the rate of 8.75% per annum from June 24, 2020, until the entry of judgment; and it is further

---

[2]     The Court notes that the per diem interest rate is $2.5166.  (Dkt. No. 52, Attach. 20, at 45.)

[3]     This amount consists of the following: (a) $10,497.84 in principal; (b) interest of $3,865.51 as of June 23, 2020; (c) $12,670.95 in principal advances for taxes, insurance and maintenance; (d) interest on those advances of $1,738.50; (e) $1,032.95 in interest credit subsidy

**ORDERED** that the mortgaged premises described in the Amended Complaint and as hereinafter described,[4] be sold in one parcel, "as is," subject to the following: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations of record, if any; zoning restrictions and any amendments thereto according to law, and now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and without any apportionments or adjustments; and it is further

**ORDERED** that the mortgaged premises shall be sold at public auction to be held in the lobby of the Chenango County Courthouse at West Park Place, Norwich, New York 13815 by and under the direction of Michael J. Laucello, Esq., of 40 Chenango Avenue, Clinton, New York 13323, who is hereby appointed Master for that purpose; that said Master give public notice of the time and place of said sale according to N.Y. R.P.A.P.L. § 231 by advertising in The Evening Sun; that said Master shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the Court record, and shall require that such successful bidder immediately pay to the Master in cash or certified or bank check payable to such Master ten percent of the bid, and shall execute Terms of Sale for the purchase of the premises, unless such

recapture; and (f) costs in the sum of $1,702.72 as taxed by the Court incurred by Plaintiff in this action.

[4] The premises affected by this action are situated entirely within the County of Chenango and designated as 2275 State Highway 8, South New Berlin, New York 13843, and further described in annexed Schedule "A," together with all right, title and interest of the owner (if any) in and to the land lying in the streets and roads in front of an adjourning said premises, to the center line thereof, and together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as more fully set out in the said Mortgage.

successful bidder is Plaintiff, in which case, no deposit against the purchase price shall be required; and it is further

      **ORDERED** that, in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding, the mortgaged property shall thereafter immediately be reoffered and readvertised for auction; and it is further

      **ORDERED** that the closing of title shall take place at the office of the Master or at such other location as the Master shall determine within thirty days after such sale unless otherwise stipulated by all parties.  The Master shall transfer title only to the successful bidder at the auction.  Any delay or adjournment of the closing date beyond thirty days may be stipulated among the parties, with the Master's consent, up to ninety days from the date of the sale, but any adjournment beyond ninety days may be set only with the approval of the Court; and it is further

      **ORDERED** that said Master shall deposit all funds received pursuant this Judgment in his own name as Master in his client fund or escrow bank account.  The Master shall thereafter forthwith pay therefrom,

First, the sum of $750.00 to said Master for his fees herein, and no compensation in excess of $750.00 may be accepted by the Master without prior Court approval,

Second, the expenses of the sale and the advertising costs as shown on the bills presented to said Master and certified by him to be correct, copies of which shall be attached to the Master's Report of Sale,

Third, pursuant to N.Y. R.P.A.P.L. § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which has priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon, and

Fourth, the sum of $1,702.72 adjudged to Plaintiff for its costs and disbursements in this action, and the sum of $29,805.75 adjudged to Plaintiff under the Note and Mortgage, with additional interest accruing at the note rate of 8.75% per annum from June 24, 2020, to the date of the entry of this Judgment.

The Master shall take receipt of the costs and expenses paid and attach such receipt to the Master's Report of Sale.  Surplus money from the sale, if any, shall be filed with the Clerk of this Court within five days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of this Court.

In the event that Plaintiff is the purchaser of the mortgaged premises at said sale, the Master shall not require Plaintiff to pay in cash the entire amount bid at the sale, but shall execute and deliver to Plaintiff a deed of the mortgaged premises sold upon payment to the Master of the sums marked "first," "second," and "third" above if such expenses were paid by

the Master, or in lieu of payment of said last mentioned amounts, upon filing with said Master receipts of the proper municipal authorities showing payment thereof.  The balance of the amount bid, after deducting therefrom the aforementioned payments to the Master for compensation and expenses, taxes, assessments, water rates, sewer rents and priority liens of a city agency, shall be allowed to Plaintiff and applied by the Master upon the amounts due to Plaintiff as specified in the item marked "fourth."  If there is a surplus over and above said amounts due to Plaintiff, Plaintiff shall pay to the Master, upon delivery of the Deed, the amount of such surplus, and said Master shall deposit said surplus as hereinabove directed with the Clerk of the Court to be withdrawn only on the order of this Court; and it is further

**ORDERED** that the Master shall make his Report of Sale and shall file it with the Clerk of the Court with all convenient speed.  If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, the Master shall specify the amount of such deficiency in his Report of Sale.  Plaintiff shall file a motion to confirm the Master's Report of Sale pursuant to N.Y. R.P.A.P.L. § 1355; and it is further

**ORDERED** that the purchaser at said sale be let into possession on production of the Master's deed; and it is further

**ORDERED** that each and all Defendants in this action, and all persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED** that the Master at the time of sale may accept a written bid from Plaintiff or Plaintiff's attorneys, just as though Plaintiff were physically present to submit such bid; and it is further

**ORDERED** that the mortgaged premises be sold in one parcel in "as is" physical order and condition, subject to any state of facts than an inspection of the mortgaged premises would disclose, any state of facts that an accurate survey of the mortgaged premises would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, and any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of the same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in N.Y. R.P.A.P.L. § 1354 and any equity of redemption of the United States of America to redeem the mortgaged premises within 120 days from the date of sale.  Risk of loss shall not pass to the purchaser until closing of title; and it is further

**ORDERED** that, in the absence of a Master, the Court may designate a Substitute Master forthwith.

Date:   October 26, 2020
          Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge